## Richmond.

HISLE'S ADM'R v. RUDASILL ET AL.

January 5th, 1893

FRAUDULENT CONVEYANCES—*Contract of hazard.*—In consideration that G would support them during their lives, two maiden ladies—the one an invalid and the other fifty-five years old—without means except certain bonds of uncertain value, assigned those bonds to G, who knew not of a prior creditor of theirs, who took no steps to enforce his claim till more than twenty years after the assignment was made. Thenceforth they both resided with G—the invalid continuing with him twenty-three years, till her death, and the other still continuing. There was no evidence that the transaction was voluntary or fraudulent. Neither assignor sought to annul it.

HELD:

> It was a contract of hazard, and the bill of the prior creditor to set it aside is without merit.

Appeal from decree of circuit court of Rappahannock county, rendered May 19th, 1891, in a suit wherein Lloyd A. Hisle's executor was complainant and William G. Rudasill and Nancy Rudasill were defendants. The decree being adverse to the complainant, he appealed. Opinion states the case.

*J. C. Gibson* and *H. G. Moffett, Jr.*, for appellant.

*R. Taylor Scott*, for appellees.

LACY, J., delivered the opinion of the court.

The question involved in this appeal arises under the proceedings had on a petition filed by the appellant in a pending

chancery suit of *Rudasill and Others* v. *Fristoe, &c.* The suit of *Rudasill, &c.,* v. *Fristoe, &c.,* was a lien creditors' suit, having for its object the enforcement of certain liens against the real estate of said Fristoe, and setting aside a sale of certain of the Fristoe lands, by the widow and children. In the progress of the suit, which was instituted in 1871, certain judgments were enforced against the Fristoe lands, belonging to the plaintiff, Nancy Rudasill, amounting to several thousand dollars—one to Lucy and Nancy Rudasill for $3,727.50, Nancy Rudasill for $1,247.53, and Nancy Rudasill for $807.65. The appellant's intestate, Lloyd A. Hisle, held a claim against Fristoe for a bond of $350, dated March 10th, 1843, upon which payments had been made from time to time until the 10th day of January, 1861, when it amounted to $388.66, when a new bond was given for this debt on that day by William Rudasill and the said Nancy Rudasill, suit having been instituted thereon by the said George B. Hisle. Hisle's administrator having recovered a judgment on this obligation, at the November term, 1889, filed his petition to subject to his debt, by reason of his execution lien, the judgments in the cause belonging to the said Nancy, William Rudasill appearing to have no property, and execution having been returned "no property found" against both, and against one William G. Rudasill, to set aside an assignment of these bonds by Nancy and Lucy Rudasill to the said William G. Rudasill, as fraudulent, voluntary, and as intended to hinder, delay, and defraud the creditors of the said Nancy.

Nancy answered, and denied the fraud. William G. did the same, and a decree was rendered, and a commissioner directed to take testimony upon this question of fraud.

First. Whether the assignment was *bona fide.*

Secondly. Whether for valuable consideration; and, if so, whether the same has been paid, and how.

Thirdly. To what relief, if any, the plaintiff in the executions is entitled in this cause.

Fourthly. Whether the defendant, William G. Rudasill, has paid the entire purchase-money of the land bought by him under decrees in this cause—leave being given in the decree for the answers above mentioned.

The commissioner took a good deal of evidence in the form of depositions, and reported that the assignment was *bona fide*, and for valuable consideration, which had been faithfully carried out by William G. Rudasill. The plaintiff, Hisle, excepted, but the circuit court overruled his exceptions, and sustained the commissioner's report, and refused to allow him to file an amended petition, and dismissed his petition. And from this decision of the circuit court the appeal is here.

This is the question to be determined by this court.

The evidence shows that in 1865, the late war having ended, and the greater part of the property of Lucy and Nancy Rudasill had been swept away, and they, feeling helpless and dependent, agreed with William G., their nephew, that they would assign to him these bonds held by them if he would bind himself to support them during their lives; and, in execution of this agreement, on the 23d day of March, 1874, they did actually assign the same in writing, with two attesting witnesses, it becoming necessary then to do this that William G. might receive the same, and use them in the purchase of the Fristoe land. Lucy and Nancy were, at the time of the assignment, living in the house with William G., and Nancy still resides with him, aged eighty-two, and Lucy lived with him twenty-three years, most of the time an invalid, until her death ; and there is no evidence that William G. knew of the plaintiff's debt at the time of the assignment. There is a good deal of evidence adduced by the appellant Hisle, tending to show that the purchase-price or the agreed consideration was very inadequate, and a strong argument is

adduced to indicate that William G. was rather supported than these old ladies, who were very thrifty people, industrious and economical.

But we must bear in mind that this is not a controversy between William G. and Nancy, as to what her board and support is worth, and what should be credited for her services. These questions have been long ago agreed between them. The question here is whether the agreement between them— the undertaking by William G. to take care of them for an agreed consideration, and the consideration actually paid by them—was fraudulent as to creditors. If voluntary, and so void as to existing creditors, it was not assailed for that cause in time. If for a valuable consideration, it is good, notwithstanding the court should be of opinion that one of the parties had made a good bargain, unless a fraudulent intent can be discerned either through the evidence or the grossly-inadequate character of the transaction. But there is no ground in this case to place the conclusion upon that the transaction was voluntary, or made with fraudulent intent. It is not a case of a sale of property for a stipulated price, where the price is known, and the value of the property can be established by satisfactory evidence. In both branches, or upon both sides, it involves an element of uncertainty. These old maiden ladies were no longer young and strong. Lucy was an invalid, and Nancy was fifty-five years old. It was uncertain how long they would live; they might die within the year, or they might live a quarter of a century, as Nancy has done, and as Lucy almost did, for she languished as an invalid for twenty-three years. They might be well during the future years, as Nancy has been, or they might be invalids all the time, as Lucy was. What was it worth for a responsible party, who was at the same time an agreeable and acceptable person, to bind himself to do this? This is a difficult question to answer in the abstract, but in this case what did these old ladies have

to pay? Not money. They had no money, but they had some bonds which might or might not be valuable. Other creditors might be prior in time and stronger in right. Others might divide with them when they came to subject the property of their debtor. The time was full of uncertainty. The war had ended, but most of their property was gone. What would they realize out of what remained? How much would they get on these bonds? Who could say? It was uncertain, but William G. agreed to accept this as a sufficient consideration, and, so far as he is concerned, has fully performed. It was a contract of hazard. As far as Lucy is concerned, it has been fully performed, and, as far as Nancy is concerned, the uncertainty of time will soon end—a few more years at best. Neither Lucy nor Nancy have sought to annul the contract on the ground of inadequacy, and neither could now be entertained to do so. A creditor has waited until it is too late to assail the contract as voluntary, and the commissioner and the court agree together that no fraud has been established; that the transaction was *bona fide* on both sides, and that William G. had no knowledge of the debt of the plaintiff (which is a small one), and no fraudulent intent can be imputed to him, and none to the other parties; and in this view we concur. And the decree appealed from must be affirmed.

DECREE AFFIRMED.